1  Stephen M. Doniger (SBN 179314)
   stephen@donigerlawfirm.com
2  Scott A. Burroughs (SBN 235718)
   scott@donigerlawfirm.com
3  Trevor W. Barrett (SBN 287174)
4  tbarrett@donigerlawfirm.com
   DONIGER / BURROUGHS APC
5  300 Corporate Pointe, Suite 355
6  Culver City, California  90230
   Telephone: (310) 590-1820
7  Facsimile: (310) 417-3538

8
9  Attorneys for Plaintiff

10
                 **UNITED STATES DISTRICT COURT**
11
                 **CENTRAL DISTRICT OF CALIFORNIA**
12

| 13 | UNICOLORS, INC., a California corporation, | Case No.: |
| --- | --- | --- |
| 14 | | |
| 15 | Plaintiff, | PLAINTIFF'S COMPLAINT FOR: |
| 16 | v. | 1. COPYRIGHT INFRINGEMENT; |
| 17 | PHANNY SILK GROUP, INC. a New | 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT |
| 18 | York Corporation, individually and doing business as "ISABELLA | |
| 19 | RODRIGUEZ"; ROSS STORES, INC., | Jury Trial Demanded |
| 20 | a Delaware Corporation; and DOES 1 through 10, | |
| 21 | | |
| 22 | Defendants. | |

23

24
       Plaintiff UNICOLORS, INC., by and through its undersigned attorneys, hereby
25
    prays to this honorable Court for relief as follows:
26
    ///
27

28                              - 1 -

                              COMPLAINT

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Plaintiff is a corporation organized and existing under the laws of the State of California with its principal place of business located in the Los Angeles County.

5. Plaintiff is informed and believes and thereon alleges that Defendant PHANNY SILK GROUP, INC., individually and doing business as "ISABELLA RODRIGUEZ" (collectively, "ISABELLA") is a New York corporation with its principal place of business located at 246 West 35th Street, New York, NY, 10001, and is doing business in and with the state of California. Plaintiff is informed and believes and thereon alleges that Defendant ROSS STORES, INC. ("ROSS") is a California corporation with its principal place of business located at 4440 Rosewood Drive Pleasanton, CA, and is doing business in and with the state of California.

6. Plaintiff is informed and believes and thereon alleges that some of Defendants DOES 1 through 4, inclusive, are manufacturers and/or vendors of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying garments comprised of fabric printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-4, inclusive, are presently

- 2 -

1  unknown to Plaintiff, which therefore sues said Defendants by such fictitious names

2  and will seek leave to amend this complaint to show their true names and capacities

3  when same have been ascertained.

4      7.   Defendants DOES 5 through 10, inclusive, are other parties not yet

5  identified who have infringed Plaintiff's copyrights, have contributed to the

6  infringement of Plaintiff's copyrights, or have engaged in one or more of the

7  wrongful practices alleged herein. The true names, whether corporate, individual or

8  otherwise, of Defendants 5 through 10, inclusive, are presently unknown to Plaintiff,

9  which therefore sues said Defendants by such fictitious names, and will seek leave to

10  amend this Complaint to show their true names and capacities when same have been

11  ascertained.

12      8.   Plaintiff is informed and believes and thereon alleges that at all times

13  relevant hereto each of the Defendants was the agent, affiliate, officer, director,

14  manager, principal, alter-ego, and/or employee of the remaining Defendants and was

15  at all times acting within the scope of such agency, affiliation, alter-ego relationship

16  and/or employment; and actively participated in or subsequently ratified and

17  adopted, or both, each and all of the acts or conduct alleged, with full knowledge of

18  all the facts and circumstances, including, but not limited to, full knowledge of each

19  and every violation of Plaintiff's rights and the damages to Plaintiff proximately

20  caused thereby.

21                    **CLAIM RELATED TO DESIGN GM1237**

22      9.   Prior to the conduct complained of herein, Plaintiff composed an original

23  two-dimensional artwork for purposes of textile printing, which is set forth

24  hereinbelow. It allocated this artwork Plaintiff's internal design number GM1237

25  (hereinafter the "Subject Design). This artwork was a creation of Plaintiff and/or

26  Plaintiff's design team, and is, and at all relevant times was, owned exclusively by

27  Plaintiff.

28

- 3 -

COMPLAINT

10. Plaintiff applied for and received a United States Copyright Registration for the Subject Design.

11. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing Subject Design to numerous parties in the fashion and apparel industries.

12. Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing Subject Design, ISABELLA, ROSS, and certain DOE defendants created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric bearing an unauthorized reproduction of Subject Design ("Infringing Product"). Such Infringing Product includes but is not limited to garments sold by ROSS, which were sold in commerce under, *inter alia*, Style No. IR-81616. Such Infringing Product also bear RN No. 123385, indicating that the Infringing Product were manufactured and/or supplied by ISABELLA.

13. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights and/or in blatant disregard for Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious, subjecting Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.

14. A comparison of the Subject Design (left) and an exemplar of Infringing Product (right) are set forth below; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially similar.

///

///

///

- 4 -

COMPLAINT

| Subject Design | Exemplar of Infringing Product |
|---|---|
|  |  |

# FIRST CLAIM FOR RELIEF

## (For Copyright Infringement – Against All Defendants, and Each)

15. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

16. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

1    17. Plaintiff is informed and believes and thereon alleges that one or more of

2    the Defendants manufactures garments and/or is a garment vendor. Plaintiff is

3    further informed and believes and thereon alleges that said Defendant(s) has an

4    ongoing business relationship with Defendant retailers, and each of them, and

5    supplied garments to said retailer, which garments infringed the Subject Design in

6    that said garments were composed of fabric which featured unauthorized print

7    design(s) that were identical or substantially similar to the Subject Design, or were

8    an illegal derivation or modification thereof.

9    18. Plaintiff is informed and believes and thereon alleges that Defendants, and

10   each of them, infringed Plaintiff's copyright by creating, making, and/or developing

11   directly infringing and/or derivative works from the Subject Design and by

12   producing, distributing and/or selling garments which infringe the Subject Design

13   through a nationwide network of retail stores, catalogues, and through on-line

14   websites.

15   19. Due to Defendants' acts of infringement, Plaintiff has suffered substantial

16   damages to its business in an amount to be established at trial.

17   20. Due to Defendants' acts of infringement, Plaintiff has suffered general and

18   special damages in an amount to be established at trial.

19   21.Due to Defendants' acts of copyright infringement as alleged herein,

20   Defendants, and each of them, have obtained direct and indirect profits they would

21   not otherwise have realized but for their infringement of the Subject Design. As

22   such, Plaintiff is entitled to disgorgement of Defendants' profits directly and

23   indirectly attributable to Defendants' infringement of the Subject Design in an

24   amount to be established at trial.

25   22. Plaintiff is informed and believes and thereon alleges that Defendants, and

26   each of them, have committed acts of copyright infringement, as alleged above,

27   which were willful, intentional and malicious, which further subjects Defendants,

28

COMPLAINT

1  and each of them, to liability for statutory damages under Section 504(c)(2) of the

2  Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per

3  infringement.  Within the time permitted by law, Plaintiff will make its election

4  between actual damages and statutory damages.

5  ### SECOND CLAIM FOR RELIEF

6  (For Vicarious and/or Contributory Copyright Infringement - Against All

7  Defendants)

8  23. Plaintiff repeats, realleges, and incorporates herein by reference as though

9  fully set forth, the allegations contained in the preceding paragraphs of this

10  Complaint.

11  24. Plaintiff is informed and believes and thereon alleges that Defendants

12  knowingly induced, participated in, aided and abetted in and profited from the illegal

13  reproduction and/or subsequent sales of garments featuring the Subject Design as

14  alleged herein.

15  25. Plaintiff is informed and believes and thereon alleges that Defendants, and

16  each of them, are vicariously liable for the infringement alleged herein because they

17  had the right and ability to supervise the infringing conduct and because they had a

18  direct financial interest in the infringing conduct.

19  26. By reason of the Defendants', and each of their, acts of contributory and

20  vicarious infringement as alleged above, Plaintiff has suffered and will continue to

21  suffer substantial damages to its business in an amount to be established at trial, as

22  well as additional general and special damages in an amount to be established at

23  trial.

24  27. Due to Defendants', and each of their, acts of copyright infringement as

25  alleged herein, Defendants, and each of them, have obtained direct and indirect

26  profits they would not otherwise have realized but for their infringement of the

27  Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits

28

directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

### *Against All Defendants*

29. With Respect to Each Claim for Relief

   a. That Defendants, each of them, and their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

   b. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

   c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

   d. That Plaintiff be awarded pre-judgment interest as allowed by law;

   e. That Plaintiff be awarded the costs of this action; and

   f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

- 8 -

COMPLAINT

1

2          Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P.

3     38 and the 7th Amendment to the United States Constitution.

4

5                                          DONIGER / BURROUGHS

6

7     Dated: April 25, 2014          By:    /s/ Scott A. Burroughs
                                             Scott A. Burroughs, Esq.
8                                            Trevor W. Barrett, Esq.
                                             Attorneys for Plaintiff
9                                            UNICOLORS, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                      - 9 -